UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GANFER & SHORE, LLP,

                Petitioner,

    -against-                            REPORT AND RECOMMENDATION

JAMES C. WITHAM and KAREN LAUSTSEN,       10 Civ. 4075 (DAB)(KNF)

                Respondents.
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE DEBORAH A. BATTS, UNITED STATES DISTRICT JUDGE

## BACKGROUND

On May 17, 2010, petitioner law firm Ganfer & Shore, LLP made an application, pursuant to 9 U.S.C. § 9: (1) to confirm the fee dispute arbitration award, rendered on May 5, 2010; (2) to enter "a judgment jointly and severally against each Respondent in the amount of $98,277.28, plus pre-judgment interest from September 9, 2009 until May 5, 2010, as set forth in the Award, plus interest;" and (3) for an award of its "costs and disbursements associated with this proceeding." Pro se respondent James C. Witham ("Witham") opposed the application and sought to: (a) dismiss the petition, because he did not receive a proper arbitration hearing notice, and the arbitration panel was prejudiced against him, based on "attorney malfeasance;" and (b) modify the arbitration award against him "to the balance of the November 20, 2007 invoice of $36,157.08, without interest." Pro se respondent Karen Laustsen ("Laustsen"), Witham's spouse, opposed the application because she: (i) did not receive a proper arbitration hearing notice; (ii) "signed the written retainer agreement after being fraudulently induced into doing so by the Petitioner;" and (iii) "was not billed by [the petitioner]."

1

The agreement, by which the respondents retained the petitioner for legal services, indicated the range of regular hourly rates for the petitioner's personnel. It also indicted that rates may be adjusted periodically and contained the following arbitration provision:

> While we rarely are involved in fee disputes with our clients and pride ourselves on this fact, we are required by New York law and regulations to advise that, pursuant to Part 137 of the Rules of the Chief Administrator of the Courts, State of New York (22 NYCRR Part 137), in the event of any fee dispute between the [sic] you and this firm, you have the right to an arbitration of such dispute, if the legal fees range between $1,000 and $50,000. By executing this Retainer Agreement, you hereby agree and understand that as a condition of your retention, you agree to arbitrate disputes arising between us irrespective of the amount involved in any dispute, including those involving claims of over $50,000. Accordingly, any and all disputes arising out of our representation of you will be submitted to arbitration. In such an arbitration, you and the undersigned will have waived a right to a jury trial, discovery may be more limited than in a court proceeding, the arbitration panel's decision will be final and binding and not subject to de novo review, and either party could be ordered by the arbitration panel to pay the fees and costs of the arbitration.

Additionally, the agreement stated, in pertinent part:

> By executing this Retainer Agreement, you hereby acknowledges [sic] that you (i) have received, read and understood this Retainer Agreement; (ii) have had the opportunity to discuss this Retainer Agreement with this firm; (iii) have been notified by this firm that you have a right to an arbitration of legal disputes arising under this Retainer Agreement for fees that range between $1,000 and $50,000; (iv) understand and agree to arbitrate any and all fee disputes with respect to our representation; (v) understand and agree to arbitrate any claims you may have against this firm or its employees with respect to or arising from our representation; (vi) understand and agree that New York law applies to any dispute that is subject to this Retainer Agreement; (vii) understand and agree that the arbitrator's decision will be final and binding and not subject to de novo review; (viii) understand and agree to abide by the arbitrator's award, as confirmed by a court of competent jurisdiction; (ix) have been notified and acknowledge that the subject arbitration shall be in this County and shall be governed by the Joint Committee on Fee Disputes and Conciliation[1] ["Joint Committee"]; (x) have been notified that you are the "client" pursuant to this Retainer Agreement; and (xi) are in receipt of a copy of the

---

[1] The New York County Lawyers' Association, the Bronx County Bar Association and The Association of the Bar of the City of New York established a Joint Committee on Fee Disputes and Conciliation to resolve lawyer-client fee disputes.

> "Standard Instructions to Clients for the Resolution of Fee Disputes Pursuant to Part 137 of the Rules of the Chief Administrator," a copy of which is attached and made a part hereof, and that you have read the same.

In November 2008, the petitioner initiated arbitration with the Joint Committee by filing an "ATTORNEY REQUEST FOR FEE ARBITRATION" and a "RIDER TO ATTORNEY REQUEST FOR FEE ARBITRATION" ("rider"). Its request for fee arbitration indicated as follows: "How much of your fee is in dispute (attach a copy of your bill, if available): $98,277.28." The petitioner's rider stated: "G&S submits that, given the significant amount of work we performed on behalf of Mr. Witham, as well as our repeated success in meeting his goals, we are entitled to be paid our legal fees of $98,277.28." A copy of the retainer agreement was submitted to the arbitrators, as well as a copy of the petitioner's invoice, addressed to Witham and dated September 10, 2008, seeking "TOTAL DUE $98,277.28."

In December 2008, the Joint Committee sent instructions to the respondents on how to respond to the attorney request for fee arbitration. The initial arbitration hearing, scheduled for July 2009, was postponed to November 4, 2009. The respondents sought to adjourn the November 4, 2009 hearing and informed the Joint Committee that: (a) Laustsen launched a complaint with the disciplinary committee of the New York State Supreme Court, Appellate Division, First Judicial Department, against certain of the petitioner's attorneys; and (b) Witham intended to file a malpractice action against the petitioner. The disciplinary committee dismissed Laustsen's complaint. On April 22, 2010, the Joint Committee sent a notice to the parties that the hearing would take place on May 5, 2010. The respondents opposed the petitioner's claim at the arbitration by written submissions. On May 5, 2010, the arbitration panel issued the arbitration award, which stated:

3

1.  The AMOUNT IN DISPUTE is:                                                    $98,277.28

2.  The TOTAL of the AMOUNT IN
    DISPUTE to which the attorney
    is entitled is (including all costs
    and disbursements and amounts
    previously paid by the client):                                              $98,277.28

3.  The AMOUNT of this total
    PREVIOUSLY PAID paid [sic] by the
    client is:                                                                   $ __\\__

4.  (a) The BALANCE DUE by the client to the attorney is:   $98,277.28

    -OR-

    (b) The AMOUNT TO BE REFUNDED by the attorney is:  $ __\\__

In their "Statement of reasons," the arbitrators indicated: " Clients were not present in person & submitted documents only. Based upon the testimony & exhibits, the reasonable value of the services provided is the full amount billed $98,277.28 as of 9/10/08." These statements were followed by what appears to be "attorneys [illegible] entitled [illegible] interest to date."[2]

In opposing the arbitration award, Witham contends that the Joint Committee failed to give him a fourteen-day notice of the hearing, which "prevented [him] from being available to attend telephonically and forced [him] to hastily produce documentation for consideration at the hearing." According to Witham, the arbitration panel was prejudiced against him "in the months leading up to the hearing," because the petitioner "made false allegations in communications with the Joint Committee that [he] was refusing to participate in the process and attempting to

---

[2] The arbitration award figure and the "Statement of reasons" are handwritten. However, while the figure $98,277.28 appears clearly in three places in the document, the ink in the handwritten "Statement of reasons" is smudged in multiple places and barely visible in the last part of the statement referring to "attorneys" and "interest." The Court assumes that the arbitrators wrote "attorneys also entitled to interest to date."

obstruct the hearing from taking place." Moreover, Witham contends, he "continually made known his dissatisfaction with the increasing costs," of the petitioner's representation, but, despite the petitioner's continual notification "that without payment [the petitioner] would cease representing him, [the petitioner] chose to continue the representation for approximately a year without receiving payment." Witham seeks to modify the arbitration award to reflect "the balance on the November 20, 2007 invoice of $36,157.08, without interest."

Laustsen makes a similar argument, as Witham, concerning the timeliness of the arbitration hearing notice. Additionally, she contends, the petitioner "fraudulently induced [her] into signing [the] Retainer Agreement . . . insisting it would provide Petitioner with better leverage to settle Respondent Witham's case." According to Laustsen, the petitioner "did not do any work for or on behalf of [her], and therefore should not be entitled to judgment against [her]." Moreover, Laustsen "was never billed by [the petitioner]" and "every invoice produced by Petitioner for the work performed was addressed solely to and mailed to Respondent Witham."

The petitioner contends that the arbitration panel was empowered by its rules to proceed with the hearing in the respondents' absence because it gave them notice of the hearing and an opportunity to appear by telephone or written submissions, if they could not appear in person. Further, Witham's claim, that the petitioner's work was beyond the specified purpose of the retainer agreement, was rejected by the arbitration panel and is meritless because the petitioner represented Witham subsequent to November 20, 2007, when most of the work "was done to successfully protect the preliminary injunction in aid of arbitration from being overturned by the litigation tactics engaged in by [the adversary]." The petitioner contends, to the extent that Laustsen seeks to vacate the arbitration award, that request should be denied, because Laustsen

5

presented her fraudulent inducement in the retainer agreement claim to the arbitration panel and it was rejected on the merits. The petitioner maintains, Laustsen signed the retainer agreement, acted as a client and participated actively in the underlying litigation and arbitration.

## DISCUSSION

*Legal Standard*: ***Confirming, Modifying and Vacating the Arbitration Award***

The Federal Arbitration Act provides: "[A]n agreement in writing to submit to arbitration an existing controversy arising out of . . . [a contract evidencing a transaction involving commerce], or [the] refusal [to perform the whole or any part thereof], shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9.

An order vacating the arbitration award may be made:

(1) where the award was procured by corruption, fraud, or undue means;
(2) where there was evident partiality or corruption in the arbitration, or either of them;
(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10.

An order modifying or correcting the arbitration award may be made:

6

    (a)    Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
    (b)    Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
    (c)    Where the award is imperfect in matter of form not affecting the merits of the controversy.

The order may modify and correct the award, so as to effect the intent thereof and promote justice between the parties.

9 U.S.C. § 11.

Where the parties have consented to judicial confirmation of the arbitration award, "an arbitration award is entitled to 'strong deference,' and confirmation ordinarily is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'" Idea Nuova, Inc. v. GM Licensing Grp., Inc., 617 F.3d 177, 180 (2d Cir. 2010) (citations omitted). "Arbitrators are not required to disclose the basis upon which their awards are made." Kurt Orban Co. v. Angeles Metal Sys., 573 F.2d 739, 740 (2d Cir. 1978). "[I]f a ground for the arbitrator's decision can be inferred from the facts of the case, the award should be confirmed." Sobel v. Hertz, Warner & Co., 469 F.2d 1211, 1216 (2d Cir. 1972). Moreover, "an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is 'a barely colorable justification for the outcome reached.'" Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union, AFL-CIO, 954 F.2d 794, 797 (2d Cir. 1992) (quoting Andors Compania Maritima, S.A. v. Marc Rich & Co., 579 F.2d 691, 704 (2d Cir. 1978)). Federal courts may consider "the claim [of] fraud in the inducement of the arbitration clause itself," but may not "consider claims of fraud in the inducement of the contract generally." Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 403-04, 87 S. Ct. 1801, 1806 (1967). "The party seeking to vacate the [arbitration] award bears the heavy burden of demonstrating

sufficient grounds for vacatur." Circle Indus. USA, Inc. v. Parke Construction Grp., Inc., 183 F.3d 105, 109 (2d Cir. 1999).

***Application of Legal Standard***

Here, the parties agreed, in the retainer agreement, "to abide by the arbitrator's award, as confirmed by a court of competent jurisdiction." The amount sought by the petitioner against the respondents and awarded by the arbitrators, as indicated in the arbitration award, is $98,277.28. Therefore, the arbitration award must be confirmed, unless it is vacated, modified, or corrected. See 9 U.S.C. § 9. Witham seeks to modify the arbitration award and Laustsen appears to seek to vacate the arbitration award, based on the grounds addressed below.

Witham's and Laustsen's Claims of Arbitrators' Misconduct

The respondents' claim, that the arbitration hearing was improper because notice of the proceeding was not provided to them fourteen days before the hearing, is meritless. Witham and Laustsen presented no evidence that the arbitrators committed misconduct in refusing to postpone their hearing. The Joint Committee's Rule 11(b), enacted to effectuate the requirement of the New York Compilation of Rules and Regulations § 137.6(e), provides that the parties must receive at least fifteen days written notice of the arbitration hearing. The Joint Committee's Rule 14, enacted to effectuate the requirement of the New York Compilation of Rules and Regulations § 137.6(h) provides:

> Any party may participate in the arbitration hearing without a personal appearance by submitting to the arbitrator testimony and exhibits by written declaration under penalty of perjury. If, however, without making the requisite submissions, one or more of the parties or their representatives is absent from the hearing without good cause, the hearing shall proceed as scheduled, as long as the absent person received notice of the hearing or waived the right to attend. A decision on the fee dispute will be made on the basis of the evidence presented.

On May 4, 2010, the Joint Committee informed the respondents that the arbitrators had denied their request to reschedule the hearing and that they would proceed with the May 5, 2010 hearing. The Joint Committee also informed them that, "[o]n the day of the hearing, you may raise any concerns you have with the arbitrators and it will be at their discretion to decide whether to proceed. If you are unable to appear in person, you may participate via telephone, by documents only or by legal or other representative." Instructions were also provided to the respondents on how to participate by telephone. No evidence exists in the record to support the respondents' claim that the arbitrators were guilty of any misconduct in refusing to postpone the hearing or any other misbehavior that may have been prejudicial to the respondents. The arbitrators exercised their discretion in rejecting the respondents' request to postpone the arbitration hearing, and they proceeded to conduct the arbitration hearing in accordance with the Joint Committee Rules. Absent any evidence demonstrating prejudice or misbehavior on the part of the arbitrators, the Court finds that the arbitrators did not commit any misconduct warranting vacatur.

<u>Laustsen's Claim of Fraudulent Inducement to Sign the Retainer Agreement</u>

The issue of fraudulent inducement in the retainer agreement is for the arbitrators, not for the court to decide. <u>See</u> <u>Prima Paint Corp.</u>, 388 U.S. at 403-04, 87 S. Ct. at 1806. Moreover, Laustsen failed to show any evidence that the arbitration award was procured by fraud. To the extent that Laustsen seeks to vacate the arbitration award, she failed to meet her burden in establishing any ground warranting the vacatur.

<u>Laustsen's Claim that She Was Not Billed by the Petitioner</u>

The fact that only Witham's name, but not Laustsen's, appeared on the invoices issued by the petitioner, does not relieve Laustsen from liability for them, where Laustsen signed the

retainer agreement and the evidence shows that she actively participated in the underlying dispute and the decision-making in connection with it. Thus, absent any evidence supporting any of the statutory grounds for vacating the arbitration award, failure of the petitioner to indicate Laustsen's name on the invoices is not sufficient to vacate the arbitration award.

<u>Witham's Claim of Attorney Malfeasance</u>

Witham provides no basis for his request to modify the arbitration amount to reflect the amount of the November 20, 2007 invoice, nor does he explain why he is seeking to reduce the arbitration amount to $36,157.08, given his contention that "[u]pon signing of the Retainer Agreement, [he] was given the impression by [the petitioner] that the $15,000 retainer fee paid would suffice for the entire representation." Witham's claim that the petitioner promised to reduced its fees and continued to represent him without payment is insufficient to show any misconduct on the part of the petitioner and does not constitute a valid ground upon which to dismiss the petition or modify the arbitration award.

***Pre-Judgment and Post-Judgment Interest***

<u>Witham's Request Not to Award Interest</u>

Witham's request to modify the arbitration award includes a request for an award "without interest." The petitioner seeks "pre-judgment interest from September 9, 2009 until May 5, 2010, as set forth in the Award, plus interest."

The arbitration agreement between the parties is governed by New York law, which provides for three distinct periods of interest on money obligations: (1) pre-award interest, accruing on a cause of action from the time the cause of action arises until the time of a verdict, report or decision, <u>see</u> New York Civil Practice Law and Rules ("CPLR") § 5001; (2) interest "upon the total sum awarded, including interest to verdict, report or decision, in any action, from

the date the verdict was rendered or the report or decision was made to the date of entry of final judgment," CPLR § 5002; and (3) interest from the entry of the final judgment until it is paid, see CPLR § 5003. "[S]tatutory right to interest is far from absolute." Levin & Glasser, P.C. v. Kenmore Prop., LLC, 70 A.D.3d 443, 447, 896 N.Y.S.2d 311, 314 (App. Div. 1st Dep't 2010). Although New York's Fee Dispute Resolution Program, governing the parties' arbitration proceedings here, is silent on the arbitrators' authority to award interest, New York courts have determined that the arbitrators have "authority to award pre-award interest" in the arbitration proceedings. Id. at 313. However, where the arbitration award does not award pre-award pre-judgment interest, pursuant to CPLR § 5001, a court cannot award such interest on a motion to confirm the arbitration award. See id.

The arbitration award here is a "verdict, report or decision," as contemplated by CPLR §§ 5001 and 5002. The arbitration award indicates that the balance due by the respondents to the petitioner is "$98,277.28." Although the "Statement of reasons," contains the words "attorneys" and "interest to date," it is just what it says it is, the statement of reasons, not the award. Accordingly, because the arbitrators did not award pre-award pre-judgment interest, pursuant to CPLR § 5001, such interest cannot be awarded on the motion to confirm the arbitration award.

However, absent circumstances warranting the contrary, post-award pre-judgment interest is mandatory under New York law, see CPLR § 5002, and the rate of interest is "nine per centum per annum," CPLR § 5004; see FCS Advisors, Inc. v. Fair Finance Co., Inc., 605 F.3d 144, 147 (2d Cir. 2010) (the New York choice-of-law provision in the parties' agreement governs the rate of pre-judgment interest). Similarly, post-judgment interest is mandatory, not only under CPLR § 5003, but also pursuant to 28 U.S.C. § 1961(a), and, in a diversity action to confirm an arbitration award, the rate of interest is calculated "in accordance with the federal

11

rate provided under 28 U.S.C. § 1961(a)." Id. at 148-49.  Witham did not show any reason why the mandatory post-award pre-judgment and post-judgment interest rates should not apply here. Therefore, the petitioner is entitled to: (i) pre-judgment interest from the date of the arbitration award, May 5, 2010, to the entry of the final judgment, at the annual rate of nine percent; and (ii) post-judgment interest, from the entry of the final judgment in this action, until it is paid, at the rate provided in 28 U.S.C. § 1961(a).

Witham failed to demonstrate that the arbitrators miscalculated the amount of the arbitration award or any other ground that would warrant modifying the arbitration award.  Since Witham did not establish a valid ground warranting modification of the arbitration award, his request to modify the arbitration award to "$36,157.08, without interest" is unavailing.

***Costs and Disbursements in This Action***

The petitioner seeks "its costs and disbursements associated with this proceeding." The petitioner states neither what those costs and disbursements are nor what authority provides the basis for an award of costs and disbursements in an action to confirm an arbitration award.  To the extent that the petitioner seeks attorney's fees, absent statutory authorization of the attorney's fees, "the prevailing party in federal court litigation is not entitled to recover legal fees incurred in the conduct of that litigation." Bliven v. Hunt, 579 F.3d 204, 212 (2d Cir. 2009) (citing Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247, 95 S. Ct. 1612, 1616 (1975)).  The Federal Arbitration Act does not provide for an award of attorney's fees, costs and disbursements in an action to confirm an arbitration award.  The parties' retainer agreement does not provide for attorney's fees, expenses, costs, or disbursements in connection with the confirmation of the arbitration award.  Accordingly, granting the petitioner's request for "costs and disbursements associated with this proceeding" is not warranted.

## RECOMMENDATION

For the foregoing reasons, I recommend that: (1) the petitioner's motion to confirm the May 5, 2010 arbitration award of $98, 277.28, against the respondents, jointly and severally, Docket Entry No. 1, be granted; (2) the petitioner be awarded pre-judgment interest from the date of the arbitration award, May 5, 2010, to the entry of the final judgment, at an annual rate of nine percent; (3) the petitioner be awarded post-judgment interest from the date of the entry of judgment, until it is paid, at a rate provided by 28 U.S.C. § 1961(a); and (4) the petitioner's request for costs and disbursements associated with this proceeding be denied.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Deborah A. Batts, 500 Pearl Street, Room 2510, New York, New York, 10007, and to the chambers of the undersigned, 40 Foley Square, Room 540, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Batts. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003).

Dated: New York, New York
January 6, 2011

Respectfully submitted,

_____
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE